UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CYRUS CURRIE,<br><br>            Petitioner,<br><br>   v.<br><br>OFFICER BLAKE SLATOR; BOISE POLICE DEPARTMENT; and ADA COUNTY PROSECUTOR DANIEL DINGER,<br><br>            Respondent. | Case No. 1:22-cv-00152-REP<br><br>**INITIAL REVIEW ORDER** |

Petitioner Cyrus Currie has filed a Petition for Writ of Habeas Corpus challenging Petitioner's state court conviction. *See* Dkt. 2. The Court now reviews the petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Petitioner to file an amended petition if Petitioner intends to proceed.

### REVIEW OF PETITION

**1.    Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine

whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

**2.     Discussion**

In the Fourth Judicial District Court in Ada County, Idaho, Petitioner pleaded guilty to felony stalking. The judgment of conviction was entered on July 28, 2021. Petitioner received a unified sentence of five years in prison with two years fixed, although the trial court retained jurisdiction. Petitioner did not appeal, nor did he pursue state post-conviction relief. *See Pet.*, Dkt. 2.

For several reasons, the Court concludes that Petitioner must file an amended petition. First, it appears that Petitioner's claims are subject to dismissal as unexhausted. A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847.

Because Petitioner neither filed a direct appeal nor pursued state post-conviction relief, none of his claims has been presented to the Idaho Supreme Court. In limited circumstances, a federal district court may stay a federal habeas corpus proceeding while

a petitioner exhausts claims in state court. *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016). In determining whether to grant such a stay, a court considers whether the petitioner had good cause for failing to exhaust, whether the unexhausted claims are potentially meritorious, and whether there is any indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277–78. If a court concludes that a stay is inappropriate, then the unexhausted petition must be dismissed without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

It appears that there may still be a short amount of time for Petitioner to file a state post-conviction action or other collateral challenge to his July 28, 2021 conviction and sentence. *See* Idaho Code § 19-4902(a) ("An application [for post-conviction relief] may be filed at any time within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later."). If Petitioner files such an action, he may also file in this Court a motion to stay, setting forth facts relating to the *Rhines* factors identified above.[1]

---

[1] Petitioner should also be aware that the one-year statute of limitations to file a federal habeas corpus petition, *see* 28 U.S.C. § 2244(d), is not tolled between the time an unexhausted petition is dismissed and the time the petitioner refiles a federal petition after exhausting claims in state court:

> As a result of the interplay between [the] 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with … petitions [that include unexhausted claims] run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but [unexhausted] petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.

*Rhines v. Weber*, 544 U.S. 269, 275 (2005).

INITIAL REVIEW ORDER - 3

Another reason an amended petition is required in this case is that Petitioner states that he wrote on the front and back of certain pages of the Petition. However, the Court requires that documents be written only on one side of each page; the Court's technology does not capture the back side of the page when it is scanned. As a result, the Petition that the Court has on its docket is incomplete. Petitioner must write on only one side of each page of any amended petition.

Finally, an amended petition is required because Petitioner has not named an appropriate respondent. The proper respondent in a habeas case is generally the warden of the facility in which the petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). If a petitioner is on probation or parole, then the proper respondents are generally "the particular probation or parole officer responsible for supervising the [petitioner], and the official in charge of the parole or probation agency, or the state correctional agency." *Adv. Cmte. Notes* to Habeas Rule 2. Petitioner must identify a proper respondent in any amended petition.

## APPLICATION TO PROCEED IN FORMA PAUPERIS

Petitioner has requested in forma pauperis status. Good cause appearing, Petitioner's Application will be granted, which allows Petitioner to pay the filing fee when and as Petitioner can afford to do so, rather than at the time of filing. Petitioner is ordered to pay the $5.00 filing fee when Petitioner next receives funds in Petitioner's inmate trust account.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED. Petitioner must pay the $5.00 filing fee when Petitioner next receives funds in Petitioner's inmate trust account.

2. Because an amended petition is required for Petitioner to proceed, Petitioner's request for appointment of counsel (contained in the Petition) is DENIED without prejudice. Petitioner may renew the request for counsel in an amended petition.

3. Within 28 days after entry of this Order, Petitioner must file an amended petition as described above. If Petitioner fails to file a timely amended petition, or if it appears from the face of the amended petition that Petitioner is not entitled to relief, this case may be reassigned to a district judge for consideration of dismissal without further notice.

DATED: May 20, 2022

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge